UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAIME JOHNSON,

    Petitioner,

    v.                                                                 Case No. 24-CV-62

WARDEN JOHNSON,

    Respondent.

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR WRIT OF HABEAS CORPUS[1]

Petitioner Jaime Johnson, who is currently incarcerated at the Racine Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Johnson has paid the statutory $5 filing fee; thus, I will screen his petition in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, the court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation screening Johnson's petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

In his petition, Johnson challenges the revocation of his extended supervision, alleging Due Process violations. Particularly, he asserts that he received ineffective assistance of counsel at the revocation hearing. He also appears to argue that he is innocent of the conduct for which he was revoked.

I will begin with the exhaustion requirement. A district court may not address the merits of constitutional claims raised in a federal habeas corpus petition "unless the state courts have a had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). A petitioner challenging his revocation must not only exhaust his administrative remedies but also his state court remedies. *See Britton v. Mitchell*, No. 12-CV-757-JPS, 2012 WL 3279209, *1 (E.D. Wis. Aug. 10, 2012). It appears that an ALJ revoked Johnson's release in September 2023. (*See* Wisconsin Circuit Court Access, Oneida Cty. Case No. 2018CF000041, *available at* https://wcca.wicourts.gov/.) However, there is no subsequent case history in the public record and Johnson indicates that he did not appeal the decision. (Docket # 1.) There is no evidence that Johnson appealed to the Division of Hearings and Appeals ("DHA"), pursuant to Wis. Admin. Code § HA 2.05(8), or to the circuit court. Where the form asks petitioners to explain why they did not exhaust their state remedies, Johnson wrote "N/A." It is therefore clear that Johnson did not exhaust either his administrative or state court remedies. Because, as noted above, he must exhaust his claims before a district court can address the merits of those claims, federal habeas relief is not available to Johnson at this time, and his petition should be dismissed.

**NOW, THEREFORE, IT IS RECOMMENDED** that Johnson's petition (Docket # 1) be **DISMISSED WITHOUT PREJUDICE**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal

Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 16th day of August, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge